**In the Matter of John W. NELSON, Respondent.**

**No. 29S00–1203–DI–197.**

Supreme Court of Indiana.

Jan. 28, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* Based on an incident on August 31, 2002, Respondent pled guilty to operating a vehicle while intoxicated ("OWI"), a class C misdemeanor. He did not report the finding of guilt to the Commission.

*Count 2.* Based on an incident on August 26, 2006, Respondent pled guilty to Domestic Battery, a class A misdemeanor. He did not report the finding of guilt to the Commission.

*Count 3.* Based on an incident on August 13, 2010, Respondent was tried and found guilty of OWI and operating a vehicle with an "ACE" of between .08% and .15%, both class C misdemeanors. He did not report the findings of guilt to the Commission, even though ordered to do so in the sentencing order.

*Aggravating and mitigating facts.* The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) Respondent has executed a monitoring agreement with the Indiana

Judges and Lawyers Assistance Program ("JLAP"), has completed an intensive outpatient program approved by JLAP, continues to receive outpatient therapy, has submitted to random drug screens, which have all been negative, and continues to attend Alcoholics Anonymous meetings.

**Violations:** The parties agree that Respondent violated these rules which prohibit the following conduct:

Ind. Professional Conduct Rule 8.4(b): Committing a criminal act that reflects adversely on the lawyer's trustworthiness or fitness as a lawyer.

Ind. Admission and Discipline Rule 23(11.1)(a)(2): Failure to notify the Commission of a guilty finding, and failure to transmit a certified copy of a guilty finding to the Commission within ten days of the finding.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning March 8, 2013, with 30 days actively served and the remainder stayed subject to completion of at least 36 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall meet all requirements of his monitoring agreement with JLAP and shall have no violations of the law or the Rules of Professional Conduct during his probation.

(2) If Respondent violates his probation, the Commission will petition to revoke his probation and to require that the stayed suspension be actively served without automatic reinstatement, so that Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.